UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSE ALBERTO GONZALEZ HERNANDEZ,<br><br>    Plaintiff-Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary, Department of Homeland Security; PAM BONDI, Attorney General; TODD LYONS, Acting Director of U.S. Immigration & Customs Enforcement; MARCOS CHARLES, Executive Associate Director of ICE Enforcement and Removal Operations (ERO); MICHAEL BERNACKE, ICE Salt Lake City Field Office Director; JARROD THOMPSON, in his official capacity as Director, Mini-Cassia Detention Center,<br><br>    Defendants-Respondents. | Case No. 1:25-cv-00611-AKB<br><br>**ORDER DENYING WRIT OF HABEAS CORPUS AND MOTION FOR TEMPORARY RESTRAINING ORDER** |

Pending before the Court is Petitioner Jose Alberto Gonzalez Hernandez's Petition for Writ of Habeas Corpus (Dkt. 1) and Motion for Temporary Restraining Order (TRO) (Dkt. 2). For the reasons discussed below, the Court denies the petition and the TRO motion without prejudice.

## BACKGROUND

Petitioner is a Mexican national, who entered the United States in 1995 (Dkt. 1 at 2). On October 19, 2025, Petitioner was arrested during an Immigration and Customs Enforcement (ICE) operation at a horse racetrack in Wilder, Idaho (Dkt. 1 at 2). On October 23, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, arguing that his detention is unlawful under the Due Process Clause because it occurred without an individual determination or probable

cause (*id.* at 1, 3). In his petition, Petitioner alleges he is detained at the Mini-Cassia Detention Center in Burley, Idaho (*id.* at 2). Since being detained, Petitioner alleges he has not received his prescribed medications for arthritis, high cholesterol, anxiety, and depression (Dkt. 2 at 2). Petitioner seeks a writ of habeas corpus ordering his release from custody, a TRO, an award of attorney fees and costs, and any additional relief the Court deems proper and just (Dkt. 1 at 2, 3).

## STANDARD OF LAW

District courts have jurisdiction under 28 U.S.C. § 2241 to hear claims that an immigration detainee is "in custody in violation of the Constitution or laws or treaties of the United States." § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The "essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and "the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (habeas corpus is to "challenge the legality or duration of confinement"). Petitioners have the burden to demonstrate that their detention violates the Constitution or federal law. *See, e.g.*, § 2241(c)(3).

Rule 4 of the Rules Governing Section 2254 Cases governs a habeas corpus petition under § 2241. Rule 1(b). Rule 4 requires a *sua sponte* review of a habeas petition and dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face" under Rule 4). "If the petition is not dismissed, the judge must order the respondent to file an answer." Rule 4.

Because Petitioner was detained in Idaho at the time he filed his Petition and challenges the legality of that detention on federal constitutional grounds (Dkt. 1 at 3), this Court has jurisdiction to consider his claims. § 2241(a).

**ORDER DENYING WRIT OF HABEAS CORPUS AND MOTION FOR TEMPORARY RESTRAINING ORDER – 2**

## ANALYSIS

Petitioner filed a petition for writ of habeas corpus and a motion for a TRO, arguing that his detention is unlawful and that a TRO is warranted to prevent ongoing harm to his health and well-being during the pendency of his habeas petition (Dkt. 1 at 3; Dkt. 2 at 2). The Court addresses these filings in turn.

### A. Review of Petition

Petitioner argues that because he was apprehended inside the United States after residing here for many years, his continued detention without an individualized determination or probable cause hearing violates the Due Process Clause (Dkt. 1 at 3). The petition, however, provides no indication of what statute he is being detained under or why he is entitled to such a hearing. Without this information, the Court cannot plainly determine that Petitioner is entitled to relief. Accordingly, the Court dismisses the petition for failure to state a cognizable due process claim. Because the petition lacks detail, the Court grants Petitioner leave to file an amended petition within thirty days. Failure to do so may result in dismissal with prejudice without further notice.

### B. Denial of Temporary Restraining Order

Petitioner seeks a TRO to prevent irreparable harm while the Court considers his petition for writ of habeas corpus (Dkt. 2 at 1). Petitioner requests that this Court issue a TRO requiring (1) his "immediate release from custody, or in the alternative, release under supervised conditions"; and (2) the "provision of prescribed medications, including anti-depressants, and access to medical care" (*id.* at 3).

A TRO is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat'l Res. Def. Council*, 555 U.S. 7, 22 (2008). Under Rule 65 of the Federal Rules of Civil Procedure, a court may grant preliminary injunctive

relief to prevent "immediate and irreparable injury." Fed. R. Civ. P. 65(b). A court may issue a TRO if the movant establishes the following *Winter* factors: (1) the movant "is likely to succeed on the merits"; (2) the movant "is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "the balance of equities tips in [the movant's] favor"; and (4) "an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20).

Though Petitioner's motion provides cursory discussions of each element, it does not contain any factual allegations showing he has a substantial likelihood of success on the merits. Conclusory assertions that Petitioner was arrested without an individualized determination of probable cause and that ICE detained him before inquiring about his immigration status do not demonstrate any likelihood of success because Petitioner neither identifies the statutory basis for his detention nor explains why he is entitled to an individualized probable cause hearing (Dkt. 2 at 2). Thus, the Court cannot conclude that Petitioner is likely to succeed on the merits of his claim.

Furthermore, even if Petitioner had demonstrated a likelihood of success, he has not shown that he is likely to suffer irreparable harm. Rule 65(b)(1) provides that "the court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney *only if* . . . specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result." Fed. R. Civ. P. 65(b)(1) (emphasis added). Petitioner claims that he has not been provided with his prescribed medications for arthritis, high cholesterol, anxiety, and depression while in detention, thereby increasing his risk of harm (Dkt. 2 at 2).

The petition, however, is not verified, and Petitioner's motion for a TRO is not supported by an affidavit or a declaration. For example, Petitioner does not submit his own affidavit stating

**ORDER DENYING WRIT OF HABEAS CORPUS AND MOTION FOR TEMPORARY RESTRAINING ORDER – 4**

he has not received his medication or other medical treatment while in detention. Further, there is no affidavit attesting that if Petitioner does not receive his medication for arthritis, high cholesterol, anxiety, and depression, he will suffer irreparable injury. The petition's conclusory allegations that "[d]enial of prescribed anti-depressants and ongoing care places [Petitioner] at serious risk of harm" (*id.*) is "neither persuasive nor supported by any actual evidence." *See Am. Fed'n of Gov't Emps. v. Trump*, 139 F.4th 1020, 1029 (9th Cir. 2025) (rejecting claims of irreparable injury not supported by affidavit or sworn declaration). Accordingly, Petitioner's claims of irreparable injury are speculative and insufficient to satisfy Rule 65(b). Because the motion fails to comply with Rule 65, the Court denies it without prejudice.

## ORDER

**IT IS HEREBY ORDERED**:

1. Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted. Petitioner may file an amended petition under 28 U.S.C. § 2241 within **thirty** days of entry of this order. Failure to file an amended petition within thirty days may result

2. Petitioner's Motion for Temporary Restraining Order (Dkt. 2) is **DENIED** without prejudice.

DATED: October 28, 2025

Amanda K. Brailsford
U.S. District Court Judge

**ORDER DENYING WRIT OF HABEAS CORPUS AND MOTION FOR TEMPORARY RESTRAINING ORDER – 5**